Sara Ghafari, Esq. (SBN 114204)
Ali Fesharaki, Esq. (SBN 316559)
**LAW OFFICES OF SARA GHAFARI**
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Tel: (818) 222-1923
Fax: (818) 337-0409

Email:        SaraGhafari@aol.com
                 Afesh.losg@gmail.com

Attorneys for Plaintiff,
FOROUGHOZZAMAN SAHEBGHALAM

Jeffrey M. Lenkov, Esq. (SBN. 156478)
*jlenkov@zellaw.com*
Kristine Azatyan, Esq. (SBN 351600)
*kazatyan@zellaw.com*
**ZELMS ERLICH LENKOV**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 279-2550

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOROUGHOZZAMAN SAHEBGHALAM, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION, a Washington corporation, <br><br> Defendant. | Case No.   2:25-cv-09967-JLS-E <br><br> Judge: Josephine L. Staton <br><br> STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER |

**STIPULATION AND PROTECTIVE ORDER**
Case No.: 2:25-cv-09967-JLS-E

- 1 –

The discovery sought by the parties in the above-captioned matter is likely to involve production of documents and things containing business, competitive, proprietary, trade secret, financial, or other information of a sensitive nature about another party or of other persons or entities which the parties are under a duty to maintain in confidence (hereafter referred to as "Confidential Information") and witness testimony containing Confidential Information. The Confidential Information anticipated in this matter includes, but is not limited to, internal incident reports, closed circuit television footage, photographs, company policies and procedures, personnel records, and personal employee information. Accordingly, per Federal Rule of Civil Procedure 26(c) the parties, having stipulated and agreed to enter into this Confidentiality Stipulation and Protective Order (the "Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

## DESIGNATION OF CONFIDENTIAL INFORMATION

1.    *Designation of Material.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential Information. Copies, extracts, summaries, notes, and other derivatives of Confidential Information also shall be deemed Confidential Information and shall be subject to the provisions of this Order.

2.    *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the

STIPULATION AND PROTECTIVE ORDER          - 2 –
Case No.: 2:25-cv-09967-JLS-E

production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential..

4. *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the "Confidential" designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## ACCESS TO CONFIDENTIAL INFORMATION

5. *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

STIPULATION AND PROTECTIVE ORDER            - 3 –
Case No.: 2:25-cv-09967-JLS-E

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of **Exhibit A** hereto.

(b) To the parties after they have been given a copy of this Order by their outside counsel and signed a letter in the form of **Exhibit A**.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign **Exhibit A** attached hereto (excluding court-appointed court reporters).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign **Exhibit A** attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6.    *No Copies/Notes.* Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7.    *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## USE OF CONFIDENTIAL INFORMATION

8.    *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9.    *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10. *Use at Court Hearings and Trial.* Subject to the provisions set forth in the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact. In the event that Confidential Information is used in any hearing or trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

11. *Filing Under Seal.* Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents contain Confidential Information and are subject to a Protective Order and

**STIPULATION AND PROTECTIVE ORDER**         - 5 –
Case No.: 2:25-cv-09967-JLS-E

that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential. The Parties agree and do hereby declare that before attempting the filing of any documents under seal shall take reasonable steps and will comply with Federal Rules of Civil Procedure 5.2 and 26(c).

12.    *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13.    *Continuing Confidentiality After Litigation.* This Order, and the parties' obligation to maintain the confidentiality of any and all Confidential Information, shall continue even after the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court. Any party who has been provided Confidential Information by outside counsel for any party to this litigation agrees to return to that counsel all items constituting, containing, or reflecting the other party's Confidential Information within thirty (30) days of written notice by the other party. Outside counsel agree to place all Confidential Information together in a sealed file labeled "Do No Open – Contains Confidential Information" which will be stored and maintained with all non-confidential documents relating to this matter in accordance with outside counsels' respective standard document retention policies. Outside counsels' files for this matter, including all Confidential Documents, shall be destroyed in accordance with each respective law firms' standard document retention policies.

## OTHER PROVISIONS

14. *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection

**STIPULATION AND PROTECTIVE ORDER**                - 6 –
Case No.: 2:25-cv-09967-JLS-E

with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15. *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

**IT IS SO STIPULATED.**

DATED: February 20, 2026          **LAW OFFICES OF SARA GHAFARI**

By:  */s/ Sara Ghafari*
     Sara Ghafari, Esq.[1]
     Ali Fesharaki, Esq.
     Attorneys for Plaintiff
     **FOROUGHOZZAMAN SAHEBGHALAM**

DATED: February 20, 2026          **ZELMS ERLICH LENKOV**

By:  */s/ Kristine Azatyan*
     Kristine Azatyan, Esq.
     Jeffrey Lenkov, Esq.
     Attorneys for Defendant
     **COSTCO WHOLESALE CORPORATION**

---

[1] Pursuant to Local Rule 5-4.3.4, all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized the filing of this Confidentiality Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATED: __3/26/2026_____

_____

HON. CHARLES F. EICK

**STIPULATION AND PROTECTIVE ORDER**                    - 8 –
**Case No.: 2:25-cv-09967-JLS-E**

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FOROUGHOZZAMAN SAHEBGHALAM, an individual,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Washington corporation,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   2:25-cv-09967-JLS-E

Judge: Josephine L. Stanton

## AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by _____, as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case. Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that has been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this _____ day of _____, _____.

_____
Name

_____
Title

**STIPULATION AND PROTECTIVE ORDER**      - 10 –
Case No.: 2:25-cv-09967-JLS-E